Esch vs. Chicago, Milwaukee & St. Paul R. Co.

Escн, Appellant, vs. The Chicago, Milwaukee & St. Paul Railway Company, Respondent.

*September 3 — September 18, 1888.*

RAILROADS: CONDEMNATION OF LAND: APPEAL. *(1) Measure of damages: Instructions to jury. (2, 3) Evidence: Estoppel: Reversal of judgment. (4) Bill of exceptions: Clerical error.*

1. The question being as to the amount of compensation to be paid to the owner of a strip of land taken for railroad purposes, the jury were charged that they were to find what was the market value of the strip taken, at the time it was taken, as a part and parcel of the lot of which it was a part, and also what was the damage to the market value of the residue of the lot in consequence of such strip being taken; that the market value was "such a sum of money as the property was worth in the market to persons generally who would pay its just and full value" at the time when taken; that the law did not provide for compensating the owner of the lot for losses in his business; and that whether it was inconvenient for him to part with that particular piece of property, or whether it was necessary for the railroad company to have it for depot purposes, were not proper matters to be considered in arriving at the value and injury suffered. *Held*, that the charge, taken as a whole, stated the rule of damages with sufficient accuracy, and that nothing therein was in conflict with the rule that the owner was entitled to the value of his property for any use to which it might be applied, and for which it would sell in the market.

2. A deed of other lands in the same neighborhood is not competent evidence of the value of the land in question, there being no proof of the actual consideration paid.

3. The fact that one party has introduced incompetent evidence upon a certain question does not estop him to object to the admission of similar evidence offered by the other party, or render the admission of such evidence, against his objection, any the less erroneous.

4. A statement in the bill of exceptions that the *defendant* excepted to the ruling of the trial court admitting, against the plaintiff's objection, evidence offered by the defendant, is presumed to be a clerical error.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.*

For the respondent there was a brief by *John W. Cary,* attorney, and *John T. Fish,* of counsel, and oral argument by *Mr. Fish.*

COLE, C. J. The appellant was the owner of lot 10, in block 86, in the city of Milwaukee, being a parcel of land 50 feet on the east side of Second street and 150 feet deep, lying between Clybourn and Fowler streets. The defendant company condemned for depot purposes 55 feet average width off the rear end of the lot, leaving it 50 by 95 feet, upon which there were buildings. The plaintiff appealed from the award of the commissioners, and in the circuit court recovered less damages than had been awarded him. The issue on the trial was of course the value of the strip taken and the damage to the residue of the lot resulting from such strip being taken by the company. Errors are assigned to various rulings of the court on the trial, some of which will be noticed.

It is said the court erred in permitting several witnesses to testify, against the plaintiff's objection, to the value of the strip taken separate and apart from the residue of the lot. This would be a serious error were it sustained by the record, but we think it is not. On the contrary, we are satisfied that all the witnesses well understood that they were to estimate the value of the strip which was taken, considered with reference to the entire lot and as a part thereof. It would be easy to verify this remark by citing answers to questions put to the witnesses, but it is deemed unnecessary.

A number of exceptions are taken to the charge of the court in respect to the rule of damages. The charge is too long to be quoted entire, but the court in substance told the jury that they were to find what was the market value of

AUGUST TERM, 1888.           231

Esch vs. Chicago, Milwaukee & St. Paul R. Co.

.the strip of land taken, at the time it was taken, as a part and parcel of the lot of which it was a part; and also what was the damage to the market value of the residue of the lot in consequence of such strip being taken for the use of the company.  The learned circuit judge stated that these .were the only questions which the jury were to consider; that the law did not provide for compensating the owner of the lot for losses in his business, but was confined to giving him compensation for the strip actually taken and the damage to the market value of the residue of the lot. ..The judge further added that " market value is such a sum of money as the property was worth in the market to persons generally who would pay its just and full value " at the time when taken.  This language of the court is criticised, and it is said it is equivalent to telling the jury that the market value of the strip taken, and of the residue of the lot, was what they were worth in the market generally, which, it is said, did not afford a true test of the amount of compensation to which the plaintiff was entitled.

The plaintiff was certainly entitled to just compensation for his property taken, and we universally arrive at the amount of this compensation by estimating the value of the property in money.  This is its exchangeable value, and what property will bring in the market is resorted to as a means of ascertaining its true value or the amount of compensation the owner should receive.  This is sufficiently accurate for the practical affairs of life, whether the market value is the true value or not.  Now, the court told the jury they must assess the plaintiff's damages for the strip taken at the sum of money which it was worth in the market to persons who would pay its just and full value.  The full and fair market value means what the property is worth or will sell for as between one who wants to purchase and one who wants to sell.  This is what is understood by the words "market value,"— what it is worth or

what it will sell for in the market; and, as to the damage to the residue of the lot, with the improvements on it, the court said it was to be estimated at what the property was worth in the market to persons who would pay its just and full value at the time the strip was taken. The judge said in this connection that whether it was inconvenient for the plaintiff to part with that particular piece of property, or whether it was necessary for the company to have it for depot purposes, were not proper matters to be considered in arriving at the value and injury suffered. It is insisted that the plaintiff was entitled to the value of this property for any use to which it might be applied, and for which it would sell in the market. There is nothing in the charge, when fairly considered, in conflict with such a rule. The market value, or what the property was worth to a person who would pay its just and full value, would certainly not exclude from the consideration of the jury the use to which the property was put by the owner; nor any reasonable use to which it could be applied by a prudent and discreet man in the immediate future. Consequently we do not think the jury could have been misled by the words " market value," as used in the charge, but that the charge, taken together, was sufficiently accurate, and conformed substantially to the rule of this court as laid down in *Snyder v. W. U. R. Co.* 25 Wis. 60; *Watson v. M. & M. R. Co.* 57 Wis. 332; *Washburn v. M. & L. W. R. Co.* 59 Wis. 364; and other cases. The jury must have understood from the instructions given that the plaintiff was entitled to a just compensation for his property taken and the injury done him, which was to be ascertained from the evidence as to what the property would sell for or was worth in the market before the strip was taken, and after such strip was taken. In estimating this value and damage the jury would necessarily determine what the property was fairly worth in the market before the strip was taken, and what it is

worth after the company had taken the strip for depot purposes. We do not think it was necessary to state the rules for determining the value with any greater particularity to guide the jury. When the jury, in obedience to the instructions given, assessed the value of the strip taken as a part of the whole lot, and as a parcel of the same, and determined the damage suffered by the plaintiff by reason of the taking to the balance of the lot not taken, these two amounts, added, would give the plaintiff's compensation precisely as the rule was laid down by the trial court in the *Watson Case*, which was approved by this court. See 57 Wis. 357 *et seq.*

In order to prove the value of the premises, the plaintiff offered in evidence, and the court admitted the same against the defendant's objection, the conveyances of a number of other lots in the neighborhood. As to some of these conveyances we do not understand that any evidence was offered or given as to the actual consideration paid, or that it was even shown that the lots themselves were similarly situated or were of a like condition to the plaintiff's lot. When the defendant came to its defense, its counsel offered in evidence a deed from F. W. Friese and wife to C. D. Kendrick of the south half of lot 9, in block 75. This was objected to by plaintiff's counsel, although he had introduced precisely the same kind of testimony to prove his case. But the objection was overruled, and the deed admitted in evidence. No proof was given of the actual consideration paid, and the deed was incompetent evidence under the decision in *Seefeld v. C., M. & St. P. R. Co.* 67 Wis. 96, where this point is ruled. It is impossible to tell what effect this improper testimony had upon the minds of the jury in arriving at their verdict. There is no way to sustain the judgment except upon the ground that, as the plaintiff himself first introduced this class of testimony, he is not permitted to object to the error when committed in

favor of the other side. But we know of no rule of practice which will warrant us in holding that an error on one side countervails or destroys a like error on the other side. We are therefore compelled to reverse the judgment for the admission of this improper testimony. The only doubt we have had upon this point arises from the statement in the bill of exceptions that the defendant excepted to the ruling of the court admitting the deed, instead of the plaintiff. But to suppose that the defendant took an exception to a ruling of the court in its favor admitting evidence offered by its own counsel, would be to indulge in a supposition too absurd and preposterous to be entertained. We must presume that there is a clerical mistake in the record in writing the word "defendant," instead of "plaintiff." But we deem the error fatal, and order a new trial on that ground.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.

See note to this case in 39 N. W. Rep. 129.— REP.