JOSEPH ELBERT, Appellant, v. S. A. MITCHELL, ET AL., Appellees.

**Evidence:** COLLATERAL INQUIRY. In a damage suit for the sale of 1 diseased hogs, the number of hogs previously owned by a witness to which disease was communicated by hogs purchased of defendant from the same car load, had relation to a collateral matter and was immaterial.

**Similar transactions.** The fact that a vendor of hogs made no warranty of the soundness of those sold others was immaterial 2 on the question of warranty as to those sold plaintiff from the same car load.

**Intent.** Where fraud is an issue, like transactions with others at about the same time may be shown on the question of intent, 3 but this rule does not permit a defendant to show by other witnesses than those used by plaintiff that in some transactions no fraud was practiced.

**Instructions:** HARMLESS ERROR. An erroneous instruction as to 4 the measure of damages is without prejudice where the jury finds for defendant.

*Appeal from Sioux District Court.*— HON. WILLIAM HUTCHINSON, Judge.

TUESDAY, OCTOBER 16, 1906.

ACTION for damages caused by the sale of diseased hogs. Trial to a jury.   Verdict and judgment for defendants, and plaintiff appeals.— *Reversed.*

*G. Klay* and *Hatley & Irwin,* for appellant.

*Van Oostrehout & Hospers* and *W. C. Leonard,* for appellees.

DEEMER, J.— November 14, 1903, defendants shipped a car load of stock hogs, consisting of one hundred and seventy-nine head, from Sheldon to Rock Valley, Iowa, and at the latter place sold them to various parties, among whom was the plaintiff, who purchased thirty head for the agreed price of $134.   At that time plaintiff was the owner of seventy head of hogs, which he kept upon his farm, and he contends that the animals which he purchased from defendants were inflicted with hog cholera, which rendered them worthless, and that they communicated the disease to his other hogs, inflicting a total damage of $500.   His petition is in three counts.   In the first he claimed that the defendants falsely and fraudulently represented that the hogs were all right, well knowing that this was not true and that the hogs were diseased.   In the second he pleaded a parol warranty of the soundness of the animals; and in the third he averred that the hogs were diseased, and that the defendants knew them to be when they sold them, but that they fraudulently concealed their condition from plaintiff, that plaintiff believed them sound and purchased with that understanding, and that on account of defendants' fraudulent concealment he has been damaged.   Defendants' answer was a general denial.

Upon the trial, plaintiff showed by a witness that he (witness) had purchased hogs of defendants from the same car in which those sold plaintiff were shipped, and that most of them died, some very shortly after the purchase. He was then asked if the disease got into his other herd, to which he responded that it did, and he was then asked how many others he had. An objection to this question was sustained, and, as we think, properly. It was entirely immaterial as to how many other hogs he had, and as to how many of them died. He was not suing for damages, and the fact that he had another herd and the query as to how many he had was entirely foreign to any issue in the case. The inquiry was manifestly a collateral one.

1. EVIDENCE: collateral inquiry.

Plaintiff testified that the defendant from whom he made his purchase stated that the hogs were all right and that he would guaranty them. He further testified that he relied upon the guaranty and would not have purchased but for it. He also testified that one of the animals died the same day and that others died within a short time after his purchase. Plaintiff also showed that others purchased hogs out of the same car load from which he had purchased, and that these hogs were sick and diseased, and that defendant from whom the purchase was made either represented them to be sound or concealed their condition from the purchasers. Most of this testimony, however, related simply to purchasers from the same car load and to the diseased condition of the animals bought. When defendants came to introduce their testimony they were permitted to show, over plaintiff's objections, that they sold hogs to other persons than they who were witnesses for plaintiff, and that they made no warranty or guaranty to them of the soundness of the animals. Manifestly this was erroneous. That defendants made no warranty to these other persons would be no evidence that they did not make a warranty to plaintiff. This is too clear for argument.

2. SIMILAR TRANSACTIONS.

Upon the fraud issue plaintiff might show, for the purpose of proving motive, intent, or scienter, that defendants committed a similar fraud upon others; but this does not

3. INTENT.

open up the entire field, so as to permit defendants to show that they were honest with some people and did not make warranties to others. None of the cases relied upon by appellees support the ruling of the trial court. *Starr v. Stevenson,* 91 Iowa, 684, and *Zimmerman v. Brannon,* 103 Iowa, 144, are not in point. They simply announce the general rule that, where fraud is in issue, other frauds of the same kind, committed at or near the same time and by the same person, are admissible upon plaintiff's part for the purposes above stated. That rule is no warrant for the admission of such testimony as defendants were permitted to introduce in this case. Proof that a man did not warrant in one case is no evidence that he did not in another. It is said that, as plaintiff went into this inquiry, he cannot be heard to complain of the continuance thereof by defendants. If defendants had confined their testimony to sales made to parties who were witnesses for plaintiff, this would doubtless be true. But that is not the record here. They were permitted to show sales to other witnesses than those introduced by plaintiff, to whom they claimed they made no warranties. That this testimony was prejudicial is too clear for argument; and that the error was not waived, see *Esch v. Railroad,* 72 Wis. 229 (39 N. W. 129).

II. Complaint is made of the court's failure to give an instruction asked by plaintiff. As the matter was fully covered in an instruction given, there was no error of which plaintiff may complain.

The instruction as to the measure of damages is not as clear as it might have been when construed with reference to

4. INSTRUCTIONS:
harmless
error.

the third count of the petition, which averred fraudulent concealment of the diseased condition of the hogs. The instruction says that if the jury

found for plaintiff on either count of his petition, his damages would be the difference between the actual value of the property in the condition in which it was sold, and what it would have been worth if the concealment of disease, if any, had been true. This is not clear, and upon a retrial should not be given in this form. We should not reverse on this ground alone, for the jury found for defendants, and an erroneous instruction as to damages would be without prejudice. Our reference to the matter is to avoid misapprehension upon retrial.

For the error pointed out, the judgment must be, and it is, *reversed.*