Krier and another, Respondents, vs. Milwaukee Northern
Railway Company, Appellant.

*April 2—April 20, 1909.*

*Evidence: Trial: Expert witnesses: Mode of examination: Eminent
domain: Compensation: Appeal and error: Invited error:
Waiver: Right to compensation: Values: Excessive damages.*

1. In determining the compensation for land taken by condemnation,
   objection to the form of a question as to the depreciation in
   value of the land not taken, "What is the depreciation," etc.,
   instead of "What is the depreciation, if any," etc., is hyper-
   critical and without merit, especially when the objector used
   the same form of interrogation and several witnesses answered
   there was no depreciation.
2. A question as to the value of land taken by condemnation must
   call for the value of the land as a portion of the tract of which
   it forms a part.
3. A party cannot complain of the form of questions asked wit-
   nesses by the adverse party where the questions he asked his
   own witnesses were of the same nature.
4. One may purchase or improve real estate in anticipation of and
   regardless of any probability of part or all of it being subse-
   quently appropriated for public purposes. To do so is not evi-
   dence of bad faith.
5. In condemnation proceedings evidence on the one side of value
   of the strip taken as high as $6,000, and damages to the re-
   mainder not taken as high as $3,000, and on the other that the
   value of the strip taken did not exceed $300 and that the resi-
   due was not damaged, presents credible evidence which justi-
   fies the appellate court in refusing to set aside a verdict of
   $1,800 as excessive.

Appeal from a judgment of the circuit court for Ozaukee
county: Martin L. Lueck, Circuit Judge. *Affirmed.*

Action to determine the compensation due plaintiffs for
land taken for railway purposes and depreciation of that part
of the entire parcel from which it was taken by reason of the
appropriation.

There was evidence on plaintiffs' part fixing the value of

the strip taken as high as $6,000, and the depreciation of the
remainder of the parcel, by reason of the taking, at $3,000.
There was evidence on defendant's part that the value of the
strip taken was $300 and the residue of the parcel was not
damaged at all. Both sides asked questions in substantially
the same form as to the strip taken. The jury found in
plaintiffs' favor, $1,800. Similar proceedings occurred after
verdict as in *American States S. Co. v. M. N. R. Co., ante,*
p. 199, 120 N. W. 844. Defendant appealed from the judg-
ment.

For the appellant there was a brief by *Winkler, Flanders,
Bottum & Fawsett,* and oral argument by *C. E. Monroe.*

*Wm. F. Schanen,* attorney, and *James D. Shaw,* of counsel,
for the respondents.

MARSHALL, J. Questions of practice and as to the meaning
of "fair market value" are raised in this case as in *American
States S. Co. v. M. N. R. Co., ante,* p. 199, 120 N. W. 844,
and are ruled by what is there said. The case was submitted
to the jury, as to law, substantially the same in both cases.
Therefore the opinion in the first case is to be deemed re-
peated here so far as applicable.

Error is assigned because of the form of the question re-
lating to depreciation in value of the land not taken, in that
the witnesses were asked, "What is the depreciation," etc.,
instead of "What is the depreciation, if any," etc. The com-
plaint, at this point, strikes us as rather hypercritical and
far from being meritorious. Witnesses and jurors must be
considered to be men of ordinary common sense. A witness
would not, ordinarily, be influenced to testify to depreciation
in fact, merely by reason of the form of the question, in case
of his judgment being otherwise. That is demonstrated by
the fact that the same form was used on both sides, and
several witnesses answered there was no depreciation.

Further complaint is made of the form of questions al-

lowed on the part of respondents as to the value of the strip
of land taken, in that it referred to the strip without adding
the words "as a part and parcel of the tract of which it
formed a part" or similar words.   Technical accuracy re-
quired the questions to include such words.   Refusal to per-
mit proof of the fair market value on the base of questions
so accurately framed has been held harmful error (*Barker v.
M. & L. W. R. Co.* 59 Wis. 364, 375, 18 N. W. 328), the
error being regarded as prejudicial because the court ruled
that the value of the strip was to be ascertained without
reference to the balance of the land, and, presumably, would
be less in such case than by the true rule, and, so, not afford
the landowner the full and just compensation which is his
constitutional right.

The court did not make any such mistake in this case.   The
submission to the jury was by the proper rule.   Moreover,
if there were infirmity in the mere form of the question—
prejudicial at all—it was to respondents rather than ap-
pellant.   Further, the latter is not in good form in making
the criticism because the questions to its witnesses were of
the same faulty nature.

There was evidence that respondents purchased the prem-
ises shortly before the appropriation of part thereof by
appellant and, may be, with the knowledge of probability of
the appropriation which occurred.   In respect to that the
jury were instructed:

"In arriving at the sum that is to be allowed and awarded
the plaintiff, you are not to consider whether the plaintiff or
his grantor had, or had not, any knowledge as to where the
line was going to be located."

The jury were not told that the circumstance referred to
could not be considered as bearing on the credibility of
respondents' evidence, but that it could not, legitimately,
affect the recoverable damages.   We are unable to discover
any error in that.   It was perfectly competent for respondents

to deal with the property regardless of any probability of a part of it being subsequently appropriated for public purposes. They had a right to assume that if any invasion of the premises under the right of eminent domain should occur it would be without prejudice to them, in that for every dollar in value of property taken or damaged they would receive a full equivalent. The learned court prudently phrased the instruction with *Driver v. W. U. R. Co.* 32 Wis. 569, 580, before him, where the principle embodied therein is declared.

A person has the undoubted right to buy or improve realty in the face of a probability that it may be invaded, as in this case. To do so is not evidence of bad faith. Furthermore, the property owner owes no duty to the prospective appropriator to consider its interests in what he shall do with his own. Whether, in any given case, he proceeds with the idea that the value of improvements made in the face of probable appropriation will enhance the damages he will contingently suffer or not, has nothing to do with the abstract question as to his right to full compensation if appropriation occurs. It is his constitutional right to buy, hold, and improve property as he sees fit and rely upon the fundamental guaranty that, to the extent he shall be deprived thereof under the power of eminent domain, he will, as a condition precedent, receive a full equivalent.

It is suggested that the amount of recovery is excessive. On this observations made, going to the weight of evidence, we shall not discuss. There was evidence on both sides taking quite a wide range. On the side of respondents the value and damages were placed as high as $3,500. The depreciation in fair market value of the part not taken was placed as high as $3,000. There was evidence on the part of appellant placing the recoverable amount as low as $300, and evidence tending to show that the fair value of the entire property before the taking was $7,000 to $8,000, and such

value of the part remaining after the taking $4,000 to $5,000. On the whole, it is quite clear from the record that the jury, from competent evidence, as was said in *Esch v. C., M. & St. P. R. Co.* 72 Wis. 229, 39 N. W. 129, determined, in general effect at least, the fair market value of the whole property before the strip was taken and the fair market value of what remained after the taking and rendered their verdict for the difference. They were plainly instructed by the court that, in general, that was the proper basis for the recovery. True, some of the expert evidence is not very satisfactory. True, witnesses on one side suspiciously exaggerated the value and damages, but on the other side there are indications that the same were understated. However, so far as we can discover, all seems to have been clearly within, or so near, the boundary of competency that we cannot well say anything thereof was improperly admitted. Beyond that is the field of weight and credibility in which the jury were substantially supreme. Their findings must be taken as the indisputable truth, if at all reasonable from any fair view of any credible evidence. They seem to have proceeded within the boundaries of reason, making the finding only about one half the amount claimed by respondents.

*By the Court.*—The judgment is affirmed.