IN RE OPENING OF OKLAHOMA AVENUE: SPENCE, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*November 11—December 5, 1922.*

*Eminent domain: Value of property condemned: Witnesses as to value: Qualification: Error in rejecting evidence: Damages: Discretion of court.*

1. Witnesses having but a general knowledge of a particular situation and surrounding conditions may testify to the value of and damages to real estate; hence a chemist who had bought and sold property in the immediate vicinity of property involved in condemnation proceedings and had made inquiries as to and was apparently familiar with the market price of neighboring property was a competent witness as to value.

2. Rejection of the testimony of a witness for plaintiff as to the value of certain property is not reversible error where plaintiff had the benefit of the testimony of other witnesses as to such value, and defendant introduced no more witnesses on the subject than did plaintiff, and plaintiff might have called other witnesses whose qualifications were beyond dispute.

3. Where on appeal by plaintiff from an award in condemnation proceedings the verdict was less than the award, and the jury adopted the exact amounts as to values that were fixed by two of defendant's witnesses, the verdict will not be disturbed where the record presents no abuse of discretion and the verdict was upheld by the trial court.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Proper proceedings were taken by the defendant for the opening, widening, and extending of Oklahoma avenue from Lake Michigan to the western limits of said city.

Plaintiff was the owner of a triangular piece of land with fifty-nine feet of frontage on Oklahoma avenue between Superior and Vermont streets, about a block from Lake Michigan. A thirty-four-foot strip of 2,082 square feet was taken for such widening of Oklahoma avenue from her property, which before the taking contained 4,007 square feet. The commissioner of public works assessed the injury to the plaintiff by such taking at the sum of $1,450 and with no benefits. The plaintiff appealed to the circuit court from such assessment. On the trial the jury found by special verdict that the fair market value of the entire piece of property at the time of its taking was $1,200 and $200 for the remainder of the property.

Upon such verdict the court granted judgment for the plaintiff in the sum of $1,000 for damages, and, such sum being less than the award, charged her with the costs. From the judgment in accordance therewith plaintiff has appealed.

The cause was submitted for the appellant on the brief of *Walter J. Hofer* of Milwaukee, and for the respondent on that of *John M. Niven,* city attorney, and *Mark A. Kline,* first assistant city attorney.

Eschweiler, J. Upon the trial the plaintiff called as a witness her husband, who had owned and looked after property in that vicinity for many years and had made sales thereof and was familiar with the prices, and two witnesses who were engaged in the real-estate business and were familiar with values in that vicinity. This testimony placed the value of the entire piece at various amounts over $3,000 and the value of the piece left not in excess of $500. Evidence was received as to the apparent impossibility of making any practical use for building purposes of the remaining portion of the premises. She also called a Mr. Weber, who had bought from the plaintiff the adjoining piece and occupied it for dwelling purposes. He was a chemist by profession and had never been engaged in the real-estate business, but had bought and sold property in this immediate vicinity and had made inquiries as to and apparently was familiar with the market price of neighboring property. Defendant's objection to his competency to testify as to the real-estate value was sustained, and of such ruling the plaintiff complains.

Although the question thus presented to the trial court by such objection is ordinarily one for his discretion and is seldom disturbed, yet on the other hand, on this special subject of the value of and damages to real estate, witnesses having but a general knowledge of the particular situation and surrounding conditions may nevertheless be permitted to testify. *Snyder v. W. U. R. Co.* 25 Wis. 60, 66; *Diedrich v. N. W. U. R. Co.* 47 Wis. 662, 3 N. W. 749; *Moore v. C., M. & St. P. R. Co.* 78 Wis. 120, 47 N. W. 273; *Stolze v. Manitowoc T. Co.* 100 Wis. 208, 214, 75 N. W. 987; and *Pierce v. C. & M. E. R. Co.* 137 Wis. 550, 556, 119 N. W. 297.

Upon the record here we think the rejected testimony of this witness might well have been received for such weight as might have been given to it by the jury. We cannot,

however, consider the refusal such prejudicial error as requires a reversal. The plaintiff had the testimony of three witnesses as to value and the defendant called no more than three on the same subject, and there was no restriction on the right that plaintiff had to call other witnesses whose qualifications to so testify would have been beyond dispute.

The other objection raised is that the verdict fixes an unreasonably inadequate sum for damages, being substantially less than the award. The jury adopted the exact amounts as to values that were testified to by two of the defendant's witnesses, and the testimony of the third varied but slightly. We cannot say, however, upon the record, that the jury could not properly accept the opinions of the defendant's witnesses as placing a fair and proper valuation on the property in question. The verdict was upheld by the trial court who heard the testimony. We can find no abuse in the discretion vested in him in passing upon the questions. For that reason the judgment must be affirmed.

*By the Court.*—Judgment affirmed.