IOWA RAILWAY & LIGHT CORPORATION, Appellant, v. BOARD OF REVIEW OF TOWN OF GRAND JUNCTION et al., Appellees.

IN RE APPEAL FROM ASSESSMENT OF IOWA RAILWAY & LIGHT CORPORATION.

No. 39729.

JANUARY 21, 1930.

*Graham & Osborn,* for appellant.

*Wilson & Harris* and *Howard & Sayers,* for appellees.

FAVILLE, J.—I. The appellant owns and operates an electric light plant in the town of Grand Junction. The appellant, in compliance with the law, filed with the assessor an inventory of its property, with values attached, in the total sum of $21,-271.76. The assessor refused to accept said valuation as the basis for assessment of said property, and returned the same at an assessed valuation of $40,000. The appellant filed objections before the board of review of said incorporated town, and a hearing was had thereon, with the result that the board of review reduced the said valuation of said property to $36,000, and fixed the same at said sum; whereupon the appellant prosecuted an appeal to the district court, where, upon trial, the court affirmed the valuation as fixed by the board·of review. Expert evidence was offered by both parties with regard to the value of said property. An engineer who was a witness in behalf of the appellant fixed the value of said property at $41,-866.75. Another expert, a witness for appellees, fixed the value of said property at $41,655.12. Another expert witness fixed the value at $44,730.31. There was evidence tending to show that the appellant had, in previous years, listed said property for assessment at $36,000, in 1926, a like amount in 1925, and in 1924, at $32,000. The listing for assessment which is in controversy here was made on December 31, 1926. The record fails to disclose any sufficient evidence that would justify us in disturbing the valuation of appellant's property as fixed by the trial court, unless it should be that we must consider evidence which was excluded by the lower court.

II. It is one of the contentions of the appellant that, even though the valuation of appellant's property for purposes of taxation was properly fixed at said sum of $36,000, yet the appellant is entitled to a reduction from said valuation of assessment by reason of the contention that other property in the said taxing district is assessed at a far less percentage of its actual cash value than is appellant's property. To sustain this

contention, the appellant offered in evidence the record of deeds to certain property within said taxing district, and also offered in evidence the assessment rolls showing the valuations at which said properties had been assessed. The purpose of the appellant in offering this line of testimony was to show the recitals of consideration in the several deeds as fixing the value of said properties, and then, by comparison with the assessment rolls, to show the claimed discrimination against the appellant. The trial court rejected the offer of said deeds, and said ruling is made the ground of alleged error.

It would have been proper for the appellant to prove the value of other similar property in the taxing district similarly situated, and if such were established by legal and proper proof, to show the valuation at which said property had been assessed, for the purpose of showing the claimed discrimination against the appellant. It is to be noticed that the appellant offered no proof of the value of the other properties within said taxing district except the recitals of consideration in said deeds. The appellant was a stranger to said deeds. The proof of the recitals of the consideration in said deeds, without anything more, was incompetent to establish the fact of the value of the property conveyed by said deeds, as between this appellant and appellees.

In *Seefeld v. Chicago, M. & St. P. R. Co.*, 67 Wis. 96 (29 N. W. 904), the question of value of property arose, in an action to condemn certain property under the power of eminent domain. The court said:

"For the purpose of proving the value of the lot in question, the plaintiff offered, and the circuit court, against the objection of the defendant company, admitted in evidence, the record of five deeds of as many lots in the same neighborhood, executed in 1885 by different grantors to John W. Cary, and of another deed of another lot, executed in 1884 by one Markham to one Thorson. Each of these deeds expressed a consideration, and they were received in evidence on the theory that the consideration thus expressed proved the price paid for each lot, and tended to show the value thereof, and, by inference, the value of the lot in question. On their face, the railway company was a stranger to these conveyances, and was not bound by the recitals therein of the consideration paid. Such recitals are nothing more than *ex parte* statements of the grantors and

grantees that the considerations named were paid and received for the respective lots. As between the parties thereto, each of these conveyances would be evidence of the consideration paid and received, because it is an admission of the fact by all parties to it. But it is not conclusive evidence. Either party may show that the true consideration was greater or less than that named in the deed, just as a party may always deny, explain, or controvert his alleged admissions against his own interest, unless they create an estoppel. As to a stranger to the deed, however, such evidence is purely hearsay. It is precisely the same in this case as it would have been, had the plaintiff put a witness on the stand and, for the purpose of proving the value of the lot in question, interrogated him as to the statements and admissions of any grantor or grantee of a lot in the same vicinity, of the sum paid and accepted therefor. No one will maintain for a moment that such evidence is admissible. We think the records of the conveyances above mentioned are equally inadmissible, and for the same reasons.''

This case was followed and approved by said court later, in the case of *Esch v. Chicago, M. & St. P. R. Co.,* 72 Wis. 229 (39 N. W. 129).

In *People ex rel. Mayor v. McCarthy,* 102 N. Y. 630 (8 N. E. 85), the court of appeals of New York considered a case involving the review of the action of a board of equalization in equalizing appraisements of property. The consideration in certain deeds was referred to in the evidence, for the purpose of establishing the value of the property therein conveyed. The court said:

''The sums inserted in the deeds referred to were not authenticated in such a manner as to make them evidence of the actual consideration, even if the price paid on sales of real estate between individuals should be deemed admissible at all as evidence of value. We think it quite clear, however, that such price is not, in any view, competent evidence of value. (Bouvier's Ins. 1224.) No rule of law requires the true consideration paid upon a transfer of land to be inserted in conveyances of real estate, and it is within the common knowledge of all conveyancers that the amount stated therein is often determined by fanciful, capricious, and arbitrary considerations

which render it utterly unreliable as evidence of value. It is frequently depressed by forced and unnatural sales, and as often enhanced by fictitious values placed upon property transferred in exchange, or deeded in settlement of disputed claims, or given from consideration of affection, liberality, and duty, and is, at the best, but the opinions of the grantors and grantees of its value, or a declaration of the value placed by them upon the property. Such prices have usually been held inadmissible as evidence of value in actions relating to property, for the reason that they are liable to be influenced by too many causes aside from the actual value to be regarded as competent evidence of that fact. (*Roe v. Hanson,* 5 Lans. 305.) Prices obtained upon public sales are, for obvious reasons, considered some proof of the value of the property sold, and are receivable as evidence upon the question of value. (*Campbell v. Woodworth,* 20 N. Y. 499.) The usual method, however, of proving value in legal proceedings is by the testimony of witnesses expressing their opinions under oath as to such value, based upon their knowledge of the subject-matter and familiarity with the circumstances bearing upon the question.''

We are disposed to follow the rule of these cases, and hold that the recitals in the deeds as to the consideration were not admissible in behalf of the appellant for the sole purpose of proving the value of the property described in said deeds. Even between the parties, a recital of consideration is, like other admissions, disputable, so far as concerns the thing actually received. Wigmore on Evidence, Section 2433. The value of real estate is generally proven by the expert testimony of witnesses shown to be competent to testify. Such witness gathers his knowledge from many different sources, and it may well be that the knowledge of such a witness of the actual consideration paid for transfers of real estate is a proper item for the witness to take into consideration as the basis for his opinion.

In *Winklemans v. Des Moines N. W. R. Co.,* 62 Iowa 11, we said:

''The knowledge which qualifies a witness to testify as to values must necessarily consist largely of hearsay. The examination of market reports, and information acquired from others as to sales of property, qualify a witness to testify as

to values. * * * The usual rule in such cases is to call a witness and ask him generally if he has a knowledge of the value of the property in question, or property of that kind. If he answers that he has, he is allowed to state the value in his judgment, and on cross-examination, his means of knowledge or qualification to testify upon the subject is particularly inquired into, if counsel desires to make such inquiry. If he shows upon the cross-examination that his knowledge of values is limited, his testimony is not for that reason to be stricken out, but it goes to the jury for what it is worth.''

The appellant, however, in the instant case did not seek to prove value by any witness whose qualifications might have been tested on cross-examination, but contented itself with offering merely the record of the deeds themselves, on the theory that the consideration recited therein was sufficient, as between these parties, to establish the value of said property. As we have seen, the evidence, in this state of the record, was not admissible for said purpose, and the court did not err in rejecting it. It therefore follows that the judgment of the trial court must be, and it is,—*Affirmed.*

All the justices concur, except ALBERT, J., who takes no part.