DUSEVICH and wife, Appellants, vs. WISCONSIN POWER & LIGHT COMPANY, Respondent.

*January 10—February 5, 1952.*

For the appellants there were briefs by *Blum & Blum* of Monroe, and oral argument by *Anna O. Blum.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *Arnold R. Petersen.*

GEHL, J.   The owners complain of the court's rejection of their offer to prove "approximately how much they would make on a season in selling at a roadside stand" from which they had previously sold melons raised upon about an acre of their farm land. The rule that "loss of profits are held not recoverable or provable in condemnation of an owner's interest," *Fiorini v. Kenosha,* 208 Wis. 496, 498, 243 N. W. 761, seems to be particularly applicable here where it appears that the location of the stand was not disturbed by the construction and where its operation was affected only by the fact that an elm tree, which had previously shaded the stand, was removed in the construction of the power line. There is nothing to prevent the owners from continuing to operate the stand at precisely the same location at which it had stood before the construction. There was no error in the court's ruling.

It is contended that the jury's award of compensation is inadequate. Testimony as to the loss sustained by the taking varied from a low of $500 to a high of $6,500. The issue of damages was peculiarly for the jury. Having heard the testimony, observed the witnesses, and viewed the premises, we cannot say that we are in better position than they to determine the loss. *Krier v. Milwaukee Northern R. Co.* 139 Wis. 207, 120 N. W. 847. *In re Opening of Oklahoma Avenue,* 179 Wis. 136, 190 N. W. 1001. We find nothing in the record which might have exerted an improper influence upon the jury.

It is contended that the judgment should be reversed because of the claimed "impatience of the trial judge" and

disparaging remarks made by him. We have examined the
entire record to determine whether anything which the judge
said upon the trial might be construed as having had an
improper influence upon the jury. We have found nothing
said by him which might have affected the jury prejudicially
to the owners. The judgment cannot be reversed upon that
ground. *Vaningan v. Mueller,* 208 Wis. 527, 243 N. W. 419.

*By the Court.*—Judgment affirmed.

CURRIE, J., took no part.