AMERICAN STATES SECURITY COMPANY, Respondent, vs. MILWAUKEE NORTHERN RAILWAY COMPANY, Appellant.

*April 2—April 20, 1909.*

*Terms of court: Regular and special terms: Appeal and error: Exceptions to instructions: Time to present: Statutes: Eminent domain: Railroad right of way: Compensation: Instructions to jury: "Fair market value:" Harmless error: Trial: View: Competency as evidence: Evidence: Values: Sales of other property: Admission of evidence: Preliminary questions.*

1. A proceeding in the determination of an action, the trial of which was commenced at a regular term, had at a special term before the termination of such regular term, is had at or during the regular term.

2. Exceptions to instructions to the jury made and presented for consideration of the trial court at a special term then pending, the regular term at which the trial took place being also pending, is an efficient preservation of the exceptions, although they did not formally reach the clerk of the court for the trial county until after the trial term. Presentation at the special term within the regular term satisfies the statute.

3. In condemnation of lands for railroad right of way it is not error to instruct the jury to value the strip taken as part and parcel of the entire tract of which it formed a part.

4. In condemnation of lands for a railroad right of way it is not error to instruct the jury that in estimating the damages to the part not taken the measure is the difference, at the time of the commissioners' report, between the market value of the premises with the road located upon the strip and the market value at that time freed from the use and burden of the road, less any special benefits, explaining the meaning of the term "special benefits," and stating, generally, that the landowner is entitled to recover such sum as would compensate him for the land and the damages he may have sustained; such sum as would make him as good as if the railroad had not been located on the land.

5. It is not error to instruct the jury in proceedings to condemn land that the fair market value is the "full fair market value" and such sum as the property is worth to persons generally who would pay its "just and full value."

6. In condemnation of land for a railroad right of way, error, if any, in admitting evidence as to the value of the strip taken as if the value of the improvements located on the lands not taken was distributed proportionally acre by acre over the whole tract is cured by instructions that the limit of recovery is the difference between the fair market value of the whole land as it existed at the time the commissioners made their award and the fair market value of what remained after the taking.

7. A jury has a right to act upon knowledge as to that which they saw on a view of the premises in dispute in determining the credibility of evidence, and instructions to that effect are not error.

8. In condemnation of land for a railroad, where there is evidence tending to show that witnesses were influenced in testifying on the question of damages to the land not taken by benefits to the premises by the construction of the road, it is proper to explain to the jury the distinction between special and general benefits, and that the former, but not the latter, are to be considered in reduction of the measure of depreciation in fair market value.

9. On the question of value, where lands in the vicinity are sufficiently similar in character to the lands in question and the time of their sale is sufficiently near that with reference to which the value of the land in question is to be fixed and all circumstances of the two situations are sufficiently similar, and, in the judgment of the trial judge, comparison will afford aid to the jury in solving the issue of value, evidence of the selling price of such other lands is admissible.

10. The offer of such evidence presents a primary question of competency, and the ruling thereon cannot be disturbed on appeal unless manifestly wrong.

APPEAL from a judgment of the circuit court for Ozaukee county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action to determine compensation for taking land for railway purposes.

The amount taken was 1.63 acres out of 65 acres. The strip left plaintiff's premises in one part of 37 acres and another of 26.37 acres, the latter having thereon costly improvements including a stone house and barn. There was evidence on plaintiff's part that the strip taken, as a part of the whole tract, not considering the added value by reason of buildings, was worth as much as $120 per acre, and with such added value $300 per acre, and that the part not taken was diminished in value by the segregation as much as $2,500. There was evidence on defendant's part placing the fair market value of the strip, considered as a part of the whole, and the damages to the part not taken as low as $291. The jury rendered a verdict of $1,150.

There was a motion on the court's minutes for a new trial made at the trial term which, by stipulation, was heard and decided at a special term in another county. Exceptions to the instructions were presented at the hearing and later filed with the clerk of the circuit court in the trial county, after the date for the commencement of the next term of court therein. The record does not show such trial term to have been, prior to such special term, terminated by special order. The motion was denied, the ruling excepted to, and the exception preserved in the bill. Judgment was rendered for plaintiff.

For the appellant there was a brief by *Winkler, Flanders, Bottum & Fawsett,* and oral argument by *C. E. Monroe.*

*Wm. F. Schanen,* attorney, and *James D. Shaw,* of counsel, for the respondent.

MARSHALL, J. Respondent's counsel insist that appellant is not in a position to raise any question as to error in in-

structions because exceptions were not filed during the trial term, nor error in denying the motion for a new trial because no exception was taken to the ruling on that question.

Sec. 2869, Stats. (1898), requires exceptions to instructions to be made during the pendency of the trial term. By ch. 6, Laws of 1905, a regular term of court in any county is presumed to continue till the commencement of the next general term in such county, unless terminated by special order, notwithstanding any intervening special term.

A proceeding in the determination of an action, the trial of which was commenced at a regular term, had at a special term before the termination of such regular term, is, to all intents and purposes, deemed to have been had at or during the latter. *Frost v. Meyer,* 137 Wis. 255, 118 N. W. 811. The commencement of the trial term here was the first Tuesday in March, 1908. The next regular term commenced on the first Tuesday of September, 1908. The exceptions were made and presented for consideration of the trial court on the 25th day of August, 1908, at a special term then pending, the regular term being also pending, as we must presume, because of no special order appearing in the record terminating it. This makes the record complete in appellant's favor as to efficient preservation of the exceptions, though they did not formally reach the clerk of the circuit court for the trial county till after the trial term. Presentation thereof at the special term within the regular term satisfied the statute.

The learned trial court submitted the cause to the jury to find "the fair market value of the strip of land actually taken" for the right of way, at the time of the award by the commissioners, "as a part and parcel of the whole tract from which it was taken," and "the damage, if any, suffered by plaintiff to the rest of his premises" from which the part taken was segregated, stating to the jury that the fair market

value mentioned was "the full fair market value" and was "such a sum as the property was worth in the market to persons generally who would pay its just and full value," "what the property was worth, or will sell for, as between one who wants to purchase and one who wants to sell;" and further stating, as to recoverable damages, respecting the land not taken from which the strip was segregated, that the measure was the difference, if any, at the time of the commissioners' report "between the market value of the premises with the road located upon that strip, and the market value at that time freed from the use and burden of the road," less special benefits, if any, explaining the meaning of the term "special benefits," and stating, generally, that the landowner was entitled to recover "such sum as will compensate it for the land and the damages it may have sustained; . . . such sum as will make it as good as if the railroad had not been located on the land."

The manner of valuing the strip taken as part and parcel of the entire tract of which it formed a part, is in strict accord with the rule laid down in *Barker v. M. & L. W. R. Co.* 59 Wis. 364, 375, 18 N. W. 328; *Watson v. M. & M. R. Co.* 57 Wis. 332, 354, 15 N. W. 468; *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328; *Esch v. C., M. & St. P. R. Co.* 72 Wis. 229, 39 N. W. 129, and similar cases.

The recoverable damages to the lands not taken, as given to the jury, is in strict accord with the rule laid down in *Weyer v. C., W. & N. R. Co.* 68 Wis. 180, 31 N. W. 710, and similar cases. The statement as to the amount recoverable, in the whole, is in accord with the rule laid down in *Driver v. W. U. R. Co.* 32 Wis. 569, and *Watson v. M. & M. R. Co., supra.* In the latter the court said the landowner is entitled to the difference between the fair market value of the whole property before the taking and the fair market value of what remains after the taking. In *Esch v. C., M.*

& St. P. R. Co. 72 Wis. 229, 232, 39 N. W. 130, speaking on the same subject, the law was indicated thus:

"The jury must have understood from the instructions given that the plaintiff was entitled to a just compensation for his property taken and the injury done him, which was to be ascertained from the evidence as to what the property would sell for or was worth in the market before the strip was taken, and after such strip was taken. · In estimating this value and damage the jury would necessarily determine what the property was fairly worth in the market before the strip was taken, and what it was worth after the company had taken the strip for depot purposes. We do not think it was necessary to state the rules for determining the value with any greater particularity to guide the jury. When the jury, in obedience to the instructions given, assesses the value of the strip taken as a part of the whole lot, and as a parcel of the same, and determined the damages suffered by the plaintiff by reason of the taking to the balance of the lot not taken, these two amounts, added, would give the plaintiff's compensation precisely as the rule was laid down by the trial court in the *Watson Case,* which was approved by this court."

Particular complaint is made because the court used the term "full and fair" market value and defined it as "such a sum as the property was worth in the market to persons generally who would pay its just and full value." Such language seems to have been copied, verbatim, from instructions approved in the *Esch Case* as substantially correct.

Error is assigned because witnesses were permitted to testify to the value of the strip taken as if the value of the improvements located on the lands not taken was distributed proportionally acre by acre over the entire land. It does not seem that such evidence could have prejudiced appellant in any way, since evidence was given of the value of the strip without the improvements and as a part and parcel of the whole tract, and the case was submitted to the jury in such a way as to avoid danger of duplication of damages and to secure an assessment upon the proper basis. They were told, in

plain language, that the limit of the recoverable amount was the difference between the fair market value of the whole land as it existed at the time the commissioners made their award and the fair market value of what remained after the taking. That concise statement, explanatory of all that preceded it as to the elements of the recoverable amount, cured any slight departure from correct rules in admission of evidence.

This language in the court's instruction is complained of:

"If any witness produced upon the trial has testified to anything which you know by the evidence of your senses on the view, is false, you are not bound to believe the witness as to such fact, and you may disregard his testimony as to said fact, although no other witness has testified on the stand to the fact as the jury knows it to be."

There was considerable conflict in respect to matters which came under the observation of the jury at the view they were afforded of the premises. Certainly the jury had a right to act upon their own knowledge as to that which they saw in determining the credibility of evidence. That is the purpose of a view. As said in *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328, "what the jury saw they knew absolutely and it was their right to act accordingly." The language excepted to was taken from the opinion of this court in the case cited. This illustration was there given:

"If a witness testify that a certain farm is hilly and rugged, when the view has disclosed to the jury and to every juror alike that it is level and smooth, or if a witness testify that a given building was burned before the view discloses that it had not been burned, no contrary testimony of witnesses on the stand is required to authorize the jury to find the fact as it is, in disregard of testimony given in court."

There was evidence tending to show that witnesses were influenced in testifying on the question of damages to the land not taken by benefits to the premises by the construction of the road. So the court explained to the jury the distinc-

tion between special and general benefits and that the former, but not the latter, could be considered in reduction of the measure of depreciation in fair market value. That was proper.

Error is assigned because evidence of sales to defendant of other lands in the vicinity of plaintiff's farm was rejected. Such evidence is admissible or not according to circumstances. *Watson v. M. & M. R. Co.* 57 Wis. 332, 350, 15 N. W. 468; *Stolze v. Manitowoc T. Co.* 100 Wis. 208, 214, 75 N. W. 987. Where lands are sufficiently similar in character to the lands in question and the time of sale is sufficiently near that with reference to which the value of the land in question is to be fixed and all circumstances of the two situations are sufficiently similar, in the judgment of the trial judge, that the comparison will afford aid to the jury in solving the issue to be determined, the evidence should be admitted. So it will be seen that the offer always presents a primary question of competency, and the exclusion thereof cannot be disturbed on appeal unless manifestly wrong. *Emery v. State,* 101 Wis. 627, 648, 78 N. W. 145; *Schwantes v. State,* 127 Wis. 160, 187, 106 N. W. 237; *Kavanaugh v. Wausau,* 120 Wis. 611, 618, 98 N. W. 550. Under that rule the rejection of the offered testimony cannot be condemned.

The foregoing covers all matters of moment called to our attention. It is considered that the record does not disclose any prejudicial error.

*By the Court.*—Judgment affirmed.