RIDDLE, Appellant, vs. LODI TELEPHONE COMPANY, Respondent.

*October 20—November 15, 1921.*

*Telephones: Right of way: Condemnation: Damages: Accessibility of line as special benefit: Ascertainment of damages: Elements.*

1. In condemnation proceedings for the purpose of acquiring a right of way for a telephone line in front of farm premises, accessibility to the line is a general public benefit and not a

"special benefit" to the lands, in the sense in which that term is used in sec. 32.10, Stats.

2. The measure of damages in such case was the difference between the value of the premises as they were without the telephone line and their value after the line was erected; and the accessibility of plaintiff's premises to the line should not be considered.

3. Where premises are condemned for a right of way for a telephone line, the landowner may show the full use to which the condemned property may be put by the appropriator.

4. The market value of property taken for a public use shall be ascertained as of the time of the taking, and where there has been no entry this time is ordinarily that of the award of damages; but where there has been a lawful entry, the damages shall be awarded as of that date, and no damages for trespass after entry can be allowed.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Condemnation. The defendant company instituted condemnation proceedings for the purpose of acquiring the right to erect and maintain a telephone line in front of the farm premises owned by the plaintiff. The commissioners awarded six cents damages, from which the plaintiff appealed to the circuit court for Columbia county. There was a trial, the question of damages was submitted to the jury, and the jury awarded $50 damages, for which judgment was entered, from which the plaintiff appeals.

For the appellant there was a brief by *Grotophorst & Quale* of Baraboo, and oral argument by *Norman Quale.*

For the respondent there was a brief by *J. L. Mahoney,* attorney, and *H. E. Andrews,* of counsel, both of Portage, and oral argument by *Mr. Andrews.*

ROSENBERRY, J. By objections to the admission of evidence and exceptions thereto, by requests for instructions, and by exceptions to the instructions given, the appellant raises three questions:

First. What is the correct rule as to the measure of damages where a telephone company condemns the right to erect

and maintain its lines on a public highway adjacent to a farm?

Second. Upon the trial of the issue as to damages, may the owner show the full extent of the use to which the condemned premises may be put?

Third. In an action or in a proceeding for condemnation, may the owner recover as part of the damages injuries resulting from prior trespass?

In ruling upon the admission of certain evidence as to whether or not the witness should take into account the accessibility of the premises of the plaintiff to the telephone line, the court said:

"It is proper for the jury to consider the presence of the telephone line and the accessibility that it furnishes for ordinary public use, but no special use, of course, to the plaintiff is involved in the case at all."

In instructing the jury the court said:

"Remember that the measure of damages is, as I stated to you, the difference between the market value or selling value of the two parcels of land upon July last with the telephone line upon it and without such telephone line, and the rights incident to the maintenance of the line."

It is the contention of the plaintiff that this is contrary to the rule laid down in *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328, and subsequent cases. In that case the court said:

"The location of a depot at a given point is a general public benefit, although, as in the case of any general benefit created by public improvements, one citizen may be more directly and largely benefited than ~ another. . . . That statute [sec. 1848, R. S. 1878] provides only for the allowance of special benefits in such cases, and such is not the character of the benefit under consideration. It would seem that a benefit which may thus be allowed is one which enhances the value of the land affected by it, by improving its physical condition and adaptability for use; such as by reclaiming waste land, by draining or flowing a marsh, by

aiding in the development of a water power, by dispensing with the necessity of maintaining fences, or by opening a mine or quarry, and the like. We are unable to conceive of any other kind of benefits which are not general benefits as well, and hence outside the statute."

The language of sec. 1848, R. S. 1878, is substantially the same as the language of sec. 32.10, Stats. 1919, applicable to the proceedings in this case. The statute says:

"They [the commissioners] shall not make any deduction because of any benefit which the parties may derive from the construction of the improvement for which the property is taken, but special benefits to lands adjoining the lands so taken may be allowed in deduction of any damages sustained by the owner to such adjoining land."

Manifestly, in the present case, the land of the plaintiff upon which the telephone line is situated is no more accessible to the telephone line than the land on the opposite side of the highway which sustains no burden by reason of the erection of the telephone line. Accessibility to the line is a general public benefit which accrues to the owners of all property served by the telephone system and is not a special benefit to the lands of the plaintiff in the sense in which that term is used in sec. 32.10. This is the construction placed upon the statute in *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328, and subsequent cases. *Gosa v. Milwaukee L., H. & T. Co.* 134 Wis. 369, 114 N. W. 815; *Pierce v. Chicago & M. E. R. Co.* 137 Wis. 550, 119 N. W. 297.

In many jurisdictions holding that a telegraph or telephone line in a highway is an added burden on the fee, the rule is that the damages recoverable are nominal unless special and unusual damages are proved. Note to 8 A. L. R. 1310. Our statute, however, makes no distinction between a taking by a telephone company and a taking by any other appropriator, and the rule of damages is that established by the provisions of sec. 32.10. The plaintiff was therefore entitled to an instruction that the measure of damages was

the difference between the value of the premises as they were without the telephone line and the value of the premises after the telephone line was erected, and that in ascertaining such difference the fact that the premises were accessible to the telephone line should not be considered. Such benefit as the plaintiff received in that respect was in the nature of a general public benefit and not a special benefit within the meaning of sec. 32.10.

Second. Upon the trial the plaintiff sought to show that under the law as it now stands the defendant might, by order of the railroad commission, be required to permit the stringing of wires of other companies upon its poles. Evidence of this kind was excluded. The plaintiff is entitled in a proceeding of this character to show the full use to which the condemned property may be put by the appropriator. *Pierce v. Chicago & M. E. R. Co.* 137 Wis. 550, 119 N. W. 297. In passing upon this element of damages the jury, however, should be cautioned not to consider mere remote, speculative, and improbable uses, but to confine their consideration to the facts as actually shown by the evidence.

Third. The plaintiff complains because the court refused to permit her to prove as a part of her damages the injuries she sustained by reason of a prior trespass upon the premises. It is a fundamental principle that the market value of property taken for a public use shall be ascertained as of the time of the taking. Our statute provides that the commissioners shall determine the "damages sustained by the taking." Where there has been no occupation of the premises, this time is ordinarily that of the award of damages. Where, however, there is an entry upon the property by the consent of the owner, express or implied, so that the appropriator is in lawful possession, the time as of which the damages shall be ascertained is the time when the premises were taken. In this case it appears that the defendant company had been in lawful possession of the premises for a considerable time. On and after the date when the appropri-

ator is rightfully upon the premises, whether by consent of the owner or in·accordance with the terms of the particular statute under which the proceeding is had, he is no longer a trespasser and therefore damages for trespass cannot be allowed, as the trial court held. *Aspinwall v. C. & N. W. R. Co.* 41 Wis. 474. See *Kennedy v. M. & St. P. R. Co.* 22 Wis. 581; *West v. M., L. S. & W. R. Co.* 56 Wis. 318, 14 N. W. 292. See, also, cases cited in 20 Corp. Jur. 829.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.