IN RE CONDEMNATION OF LANDS: SIMPSON and wife, Appellants, vs. WAUKESHA COUNTY, Respondent.

*January 16—February 10, 1925.*

*Eminent domain: Land taken for highway purposes: Measure of damages: Trial: View of premises by jury: New trial.*

1. Where a new trial was granted the defendant without the imposition of costs, the presumption arises that the situation was not one where the court was dissatisfied with the verdict as being against the weight of the evidence, but that the motion for a new trial was granted either because the verdict was perverse or entirely unsupported by the evidence, or because of misdirection to the jury or some prejudicial error by the court during the trial. p. 665.

2. Failure of the jury to view an entire farm before assessing damages in a condemnation proceeding of part of the farm, taken for a new highway, where the value of the whole before and after the taking was necessarily involved in the determination of damages, was not prejudicial, since a view by the jury was not evidence, but merely an aid to them in considering it, especially where counsel for defendant, having accompanied the jury, did not demand a complete view. p. 666.

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

This is a condemnation proceeding for highway purposes. The appellants, *W. J. Simpson* and wife, owned a farm, one piece of forty acres to the north and one of six acres. The strip proposed to be taken was fifty feet wide at the easterly and a little wider at the westerly end of the south edge of the six acres. This strip bordered on the right of way of the Chicago, Milwaukee & St. Paul Railway, and twelve feet thereof was then subject to an easement for a right of way to adjoining lands, and the east end then had a fifty-six-foot frontage on a public highway. The taking required the destruction or removal of a barn; a change in barnyard and chicken yard; new fencing; an impairment of the then use of the six acres for a garden; an alteration in the approach to the forty-acre piece; the destruction of a large apple tree and shrubbery; a depreciation in the value of the dwelling by reason of its being brought within twenty-two feet of a new highway. Besides this was the element of the value of the .77 acres taken and any consequent diminution in value of the entire farm.

Plaintiffs bought the forty-six acres about six years prior to the condemnation in 1920, paying $4,700, and had added about $1,600 in improvements together with their own labor.

Upon the hearing in the county court the following items were allowed: moving barn, $200; interference with the barn and chicken yards, $100; damage from having the highway close to the house, $300; establishing a new garden, $200; removal of the currants, apple trees, and shrubbery, $100; a new fence, $200; and real estate taken, $400,—a total of $1,500. This amount was paid into court and the county entered into possession.

Upon appeal by the plaintiffs to the circuit court a jury trial was had and upon plaintiffs' request a view of the premises was had. Thereafter, upon testimony by the

plaintiffs and witnesses on their behalf, some of whom placed the damages for such taking at $4,000 and some testifying to a very substantial increase in the value of the farm during plaintiffs' ownership, and with opposing testimony, the jury awarded $3,733 damages.

Upon defendant's motion for a new trial it was a conceded fact that upon the view the jury's inspection had been limited to the six acres and they made no examination of the forty acres which lay to the north and on the other side of a hill, although the damages to the whole forty-six acres were necessarily involved in the proceedings and award. The trial court also made an inspection subsequent to the trial. The trial court made an order granting the defendant's motion for a new trial unless the plaintiffs elected to take judgment for $2,500 damages, their costs and disbursements. Such order was made for the reason, as embodied in the written order, that the jury in its view did not go upon or view the so-called back forty acres of the farm, and because it appeared to the trial court that a view of such forty acres was necessary in order to pass upon conflicting opinions on the question of value and depreciation in market value, and because of the opinion that another fair and impartial jury, viewing the entire premises, would not, upon the same evidence, assess the damages in excess of $2,500.

The plaintiffs elected to refuse to accept the option specified in said order and have appealed.

For the appellants there was a brief by *Shannon & Cronin* of Oconomowoc, and oral argument by *Timothy T. Cronin.*

For the respondent there was a brief signed by *Herman R. Salen,* district attorney, and *Allen D. Young,* of counsel, both of Waukesha, and the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Young.*

ESCHWEILER, J.  The order imposed no payment of costs upon defendant as a condition for allowing a new trial in case the plaintiffs did not accept the option therein contained.  The presumption therefore arises from such omission that the situation was not one where the court was dissatisfied with the verdict as being against the weight of the evidence, but rather that the motion was granted either because the verdict was perverse and entirely unsupported by the evidence—but the record here must exclude such ground,—or else because of misdirection to the jury or some prejudicial error by the court during the trial.  *Smith v. Taylor-Button Co.* 179 Wis. 232, 234, 190 N. W. 999; *Siegl v. Watson,* 181 Wis. 619, 627, 195 N. W. 867.  It can therefore be presumed from the record that the new trial was granted to defendant upon the sole ground that the trial court held that there had been prejudicial procedural error to defendant's detriment by the fact that the jury had not seen or examined the north forty acres of plaintiffs' farm, the whole farm necessarily being the subject of the consideration of the witnesses in their testimony and of the jury in their deliberations on the questions of values and damages.

It appears without question that counsel for the respective parties were present with the jury at the time of the view; that no obstacle was interposed to the jury seeing as much of the premises involved as they desired; that no specific request was made by either party as to the extent of the view to be taken or objection made on the ground of any alleged insufficiency of the view at any time during the trial.

A consideration of the record in this case convinces us that there was support under the testimony as it was presented in court for the conclusion reached by the jury.  Witnesses on both sides gave their testimony covering a wide range as to the value and condition of the forty-six acres; the nature of the soil; the lay of the land, and the value of the farm as a whole; and of the various and many elements

Simpson v. Waukesha County, 185 Wis. 662.

of damage by reason of the taking of the strip and the construction of the new highway. The view itself was not evidence, but merely—and the trial court properly so instructed the jury—to aid them in their consideration of the testimony. The mere failure of the jury to more completely exercise their opportunity, and for which failure the plaintiffs were in no wise responsible, cannot be considered such a prejudicial error as requires the setting aside of a verdict reached in what appears to be a fair trial of the issues.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment for the plaintiffs upon the verdict.