NOWACZYK and another, Appellants, vs. MARATHON COUNTY, Respondent.

*September 17—October 13, 1931.*

538

*F. E. Bachhuber* of Wausau, for the appellants.

For the respondent there was a brief by *Walter A. Graunke,* district attorney of Marathon county, and oral argument by *Mr. Graunke* and *Mr. John R. Cashman,* assistant district attorney.

FOWLER, J. The appellants' assign as error that the court: (1) Admitted testimony that the highway benefited the farm. (2) Permitted witnesses to testify to separate items of damage. (3) Refused to permit cross-examination of defendant's witnesses as to value. (4) Refused to grant a new trial for inadequacy of the damages assessed. (5) Refused to permit testimony that the highway would periodically flood plaintiffs' land. (6) Permitted witnesses to testify as to the cost of fencing the highway. It is also assigned as error that (7) the trial judge was prejudiced against the plaintiffs.

(1) The particular complaint under this heading is that in receiving testimony that the farm was benefited by the relocation and improvement of the highway the court should not have admitted testimony relating to such benefits as inured to the general public but should have admitted only such as related to special benefits. The testimony objected to is that plaintiffs' distance to market was reduced and their road thereto bettered by change of route and improvement of the road.

The proceedings are subject to the general provisions of ch. 32 of the Statutes governing acquisition of land by the

exercise of the right of eminent domain. Sec. 32.10 (1), Stats., provides that in exercising eminent domain, *"except in the case of streets or highways,"* no deduction shall be made because of any benefit which the parties may derive from the improvement other than "special benefits." In case of streets or highways, paragraph (2) of said section provides that both damages and benefits shall be assessed or allowed and the excess of one over the other shall be stated. The kind of benefits is not limited to special benefits. It would seem that the benefits referred to in case of streets and highways must be something more than mere "special benefits" else there would be no occasion for the exception in paragraph (1). If so, they must include such benefits as accrue to the general public as well as the benefits resulting specially to the land taken. Appellants cite *American States S. Co. v. Milwaukee N. R. Co.* 139 Wis. 199, 120 N. W. 844, and *Smith v. Milwaukee E. R. & L. Co.* 201 Wis. 325, 230 N. W. 44, to the point that only special benefits may be considered. But these cases do not fall within the exception of paragraph (1). The same may be said of *Riddle v. Lodi Tel. Co.* 175 Wis. 360, 185 N. W. 182, and the cases therein cited. None of these cases involved the taking of land for highway purposes. It is fundamental that in condemnation cases the damages are the difference between the values of the tract as a whole before and after the taking. *Riddle v. Lodi Tel. Co., supra; Muscoda Bridge Co. v. Grant County,* 200 Wis. 185, 227 N. W. 863; *Smith v. Milwaukee E. R. & L. Co., supra.* The items of nearness to market and the nature of the road to market are elements of considerable importance in fixing the value of farms. The witnesses might properly consider the benefit that accrued to the plaintiffs in these respects in arriving at their opinion of the plaintiffs' damage, although the general public received like benefit.

(2) In introducing evidence as to damages the better way doubtless is to question witnesses as to the difference before

and after the taking in the values involved and allow inquiry as to the elements entering into their opinions to be made in explanation or on cross-examination. The trial judge endeavored to keep counsel to this course. The plaintiffs' counsel departed from this course fully as much as did defendant's. We consider that no prejudice resulted to plaintiffs by the course counsel pursued.

(3) (7) It is urged that cross-examination of defendant's expert witnesses was unduly restricted in that plaintiffs' counsel was not permitted to test thoroughly the qualifications of defendant's experts; and that the trial judge was prejudiced against plaintiffs, unduly questioned their witnesses, and did not give the plaintiffs a fair trial. We find no merit in any of these contentions.

(4) As to the claim that the damages are grossly inadequate, they are only slightly lower than the amount assessed by the county court and are clearly supported by the evidence. The plaintiffs complain bitterly that the testimony of their witnesses as to the damages was disregarded by the jury. But it was for the jury to give such weight to the testimony of the witnesses of the plaintiffs as they deemed it worthy of, and if they regarded it as of little weight this was low regard as distinguished from disregard.

(5) The court did not err in not permitting plaintiffs to show that a portion of their land will probably be flooded by reason of the structure of the highway which diverted the previous course of the drainage of surface water. The structure complained of is at a point not adjacent to plaintiffs' land. This is a matter not involved in these proceedings. If plaintiffs shall sustain injury in this respect in the future it will be time enough to seek a remedy after the flooding has occurred.

(6) Counsel on both sides questioned their witnesses as to the cost of building and maintaining the extra fencing that locating the highway will require. An Iowa case, *Welton v.*

*State Highway Comm.* 233 N. W. 876, 881, is cited in support of the contention that this is error, and this case in turn cites *Dean v. State* (Iowa) 233 N. W. 36, 38, and an early Iowa case in support of its ruling. The *Dean Case* states expressly that—

. . . "the necessity of fences must be considered in its tendency to minimize the value of the farm, rather than as an independent and separately itemized element of damages. The question is not what the particular fence desired by appellees at this time may cost; but rather the underlying inquiry is whether the farm as a whole, in view of the purposes for which it is adapted, will be minimized in value because extra fencing may be required and such fence might need to be repaired, maintained, and replaced."

This is doubtless a correct statement, and being true we are unable to see why the estimated cost of construction, maintenance, and replacement may not be shown, as they must be considered in estimating the diminution in value caused by the extra fences. The assignment of error is that the court received the testimony, not that the court inserted in the verdict as covering an item of damage, the question "What will be the reasonable expense of building and maintaining reasonably good fences on both sides of the highway?" This question was not objected to by plaintiffs, and the case was tried on the theory that it covered a proper element of damage. Under this situation the plaintiffs would not be entitled to reversal were the submission of the question error, as a party cannot complain of action of the court in course of trial which he himself induced. But we perceive no error in this. If the reasonable cost of construction and maintenance of fences is to be considered as diminishing the value of the farm, it is to be presumed that it would diminish the value to the amount of such cost. If so, prejudice cannot result where the submission of the case and the charge to the jury in connection are so framed as to avoid a double allowance for the extra fencing. This was guarded

against in the instant case. And a double allowance if made was not prejudicial to plaintiffs and the defendant is not complaining. The preferable way of submitting the question of damages is to call directly for the fixing of the values before and after the taking, as was suggested in *Muscoda Bridge Co. v. Grant County, supra.*

*By the Court.*—The judgment is affirmed.