SCHILDKNECHT and others, Appellants, vs. CITY OF MILWAUKEE, Respondent.

*February 14—March 14, 1944.*

34

*Lyman G. Wheeler* of Milwaukee, for the appellants.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Ronold A. Drechsler,* assistant city attorney, and oral argument by *Mr. Drechsler.*

BARLOW, J.   The complaint alleges that the plaintiffs are heirs at law of Annie Schildknecht, deceased, and the owners in fee of the south one hundred feet of lot 9, block 53, in the plat of the east half of the northwest quarter of section 29, in town 7 north in range 22 east, in the county of Milwaukee, state of Wisconsin; that on and after October 16, 1924, the common council of the city of Milwaukee, by resolutions and ordinances, planned and arranged to widen Cedar street (now West Kilbourn avenue) and Biddle street (now East Kil-

bourn avenue) in the city of Milwaukee, extending eastward, from North Sixth street to the Milwaukee river, by acquiring fifty feet in width of property on the south side of Cedar street from North Sixth street to West Water street, and other property from thence to the Milwaukee river, and fifty feet in width of property on the north side of Biddle street from the Milwaukee river eastward to Broadway, and as part of said plan to build a bridge across the Milwaukee river from Cedar street to Biddle street.

Further allegations are: That condemnation proceedings were instituted by said city to take by eminent domain the north fifty feet of lot 9, block 53, at that time owned by Annie Schildknecht, for said widening purposes; that commissioners were appointed to award damages, and the city appealed from the award; that the issues on appeal were tried in circuit court for Milwaukee county before a jury, and a special verdict was returned on the 18th day of February, 1929; that the jury determined the fair market value of the north fifty feet of said lot 9, together with buildings on said lot, to be the sum of $30,000, and assessed no damages or benefits to the remaining one hundred feet of said lot by reason of the widening of Cedar street; that judgment was entered accordingly, with the following provision as to benefits:

"It is adjudged that no benefits resulted to the remaining portions of said lot by reason of the taking of said north fifty feet of said lot for said purposes."

The judgment was paid and satisfied on the record.

In 1937 the common council adopted an improvement project for the widening of additional streets, including the Cedar and Biddle streets widening which was completed and opened for public travel in 1929, and created an assessment district, assessing benefits for the entire project under the provisions of ch. 275, Laws of 1931. An assessment of benefits was made against plaintiffs' land in the sum of $5,400,

which included a portion of the cost of Cedar and Biddle streets improvement. (See *Milwaukee v. Taylor* (1938), 229 Wis. 328, 282 N. W. 448, for history of this assessment and area included in the project.) No personal service was made on the plaintiffs or Annie Schildknecht at the time of making this assessment.

Plaintiffs admit in their brief that they are liable for any benefits which can be established by reason of the improvement outside of the Cedar and Biddle streets widening, and state they are ready and willing to pay said assessment when it is properly determined.

Defendant demurred to the complaint on two grounds : (1) That the complaint does not state a cause of action, and (2) that the court has no jurisdiction of the subject of the action.

Plaintiffs contend that the assessment is illegal for two reasons : (1) That the question of benefits was determined in the circuit court action under date of February 18, 1929, as to the Cedar and Biddle streets area, which prohibits the city from making a further assessment, and (2) that no personal service was made on the plaintiffs or Annie Schildknecht as required by sec. 9 (2), ch. 275, Laws of 1931.

The right to include Cedar and Biddle streets in the new project in 1937 and include the cost of this improvement as part of the benefits to be assessed against the assessment district created was decided in *Milwaukee v. Taylor, supra.* There is no allegation in the complaint that special benefits were assessed at the time of the Cedar and Biddle streets improvement, unless the inference may be drawn from the verdict of the jury and judgment in the condemnation action in the circuit court for Milwaukee county, which are set forth in full in the complaint. We cannot see where this so alleges. It is true that there is a variation between the question submitted to the jury and the judgment which was entered, the jury answering question No. 4 of the special verdict as follows :

"Question No. 4. At what sum do you assess the benefits, if any, to the south one hundred feet of said lot 9, which are derived from the widening of Cedar street? Answer: Nothing."

But the judgment provides as to the question of benefits:

"It is adjudged that no benefits resulted to the remaining portions of said lot by reason of the taking of said north fifty feet of said lot for said purposes."

No request was made to correct the judgment, nor was an appeal taken from it. The plaintiffs are bound by this judgment as to the issues determined in the action.

The complaint alleges that after plans and arrangements had been completed condemnation proceedings were instituted by the city to take this property. The city appealed from the award of commissioners. Generally in condemnation proceedings the amount of recovery is the difference between the value of the property before and after taking. *Smith v. Milwaukee E. R. & L. Co.* (1930) 201 Wis. 325, 230 N. W. 44. This consists of the value of the property taken, severance damage to the remaining property, and any benefits which are peculiar to the owner and not enjoyed in common by the community. *Bigelow v. West Wisconsin Ry. Co.* 27 Wis. 478; *Driver v. Western Union R. Co.* 32 Wis. 569; *Robbins v. Milwaukee & Horicon R. Co.* 6 Wis. *636; *Chapman v. Oshkosh & Mississippi River R. Co.* 33 Wis. 629.

No doubt the court ordered judgment in accordance with the law governing the case. The court had no authority to determine the special benefits received by the property by reason of the entire improvement even though it had authority to determine benefits and damages to the remaining parcel by reason of the taking of a portion of it. The court could have submitted a single question to the jury, permitting them to determine the difference in value of the entire tract before

and after the taking, and could then have instructed the jury that they should consider the severance damage together with any special benefits not common to other property owners. If the jury had found special benefits by reason of the project which had been to the advantage of the city, this could have been corrected in a later assessment of benefits, but the fact that the jury found that there were no special benefits by reason of the project where the matter was not an issue before the court does not preclude the city from assessing special benefits in a proper proceeding to do so. In *Milwaukee v. Taylor, supra,* where this improvement project and right to assess benefits, of which this assessment is a part, was attacked, the following allegation in the city's complaint was not questioned (p. 331) :

"Thus far no benefits have been assessed against the property benefited by the widening heretofore made [Cedar and Biddle streets], or by said bridge heretofore constructed although special benefits were created by said widening and bridge."

It is considered that the allegations of the complaint do not show that an assessment of benefits was made by the city at the time of the Cedar and Biddle streets improvement.

No personal service of notice of assessment hearing was made on plaintiffs. Sec. 9 (2), ch. 275, Laws of 1931, provides for publication and posting of notices of assessment hearings, and also provides :

". . . Said notices shall be served personally upon all persons who have appeared personally in the action described in section 7 or upon their attorneys, if any, at least twelve days prior to said hearing. . . ."

Sec. 7, ch. 275, Laws of 1931, refers to actions in circuit court against all persons having an interest in any property to be taken for the purpose of establishing the necessity of taking

said property by the verdict of a jury. When the city decided to make the improvement in 1937, it was necessary to have a jury to determine the necessity of taking any new or additional property. The question of the necessity of taking property for the Cedar and Biddle streets improvement had been determined when the property was taken. This was *res judicata*. It could not be determined again, and the fact that plaintiffs' predecessor in title had appeared in the action when her property was taken does not bring plaintiffs within the provisions of sec. 9 (2), requiring personal service of the notice of assessment hearing. The city had acquired the property and completed the improvement. The plaintiffs were in the same position and received the same notice of assessment hearing as other property owners in the district whose property was not being taken at this time. The only purpose of including this area in the district was to assess benefits for the entire improvement. They were not included for the purpose of taking any of their property.

Defendant contends that the only way plaintiffs can attack this assessment is by appeal, and their failure to appeal within the time prescribed by law makes the assessment final.

Sec. 10 (1), ch. 275, Laws of 1931, provides for an appeal to the circuit court from an award of damages or assessment benefits made by the city. Sec. 10 (2) provides:

"The appeals shall be tried as ordinary issues of fact are tried in said circuit court, the form of the issue being subject to the direction of the court. . . ."

Under sec. 11, ch. 275, Laws of 1931, appeal to the circuit court is the only method to review an assessment of benefits, and prohibits an action at law or in equity to attack the assessment.

Plaintiffs contend that on appeal it would be impossible to divide the assessment of benefits between the completed project and the new project. We do not see where this would

be necessary. On appeal the burden of proof is on the city to show that the property is benefited the amount claimed. The city would be limited to the benefits for improvements that were properly assessable against the particular property. If this property had already been assessed for a portion of the improvement it could not be assessed again for that benefit, and the city would be limited in its proof to that portion of the improvement for which no prior assessment had been made. This would produce the result which plaintiffs say they desire to obtain. It is considered that the exclusive remedy of plaintiffs was by appeal, and the time for appeal having expired, the court had no jurisdiction.

*By the Court.*—Judgment affirmed.