TOWNSEND and wife, Appellants, vs. THE STATE, Respondent.

*June 6—June 30, 1950.*

*William J. Sauer* of La Crosse, for the appellants.

For the respondent there was a brief by the *Attorney General, Warren H. Resh,* assistant attorney general, and *John S. Coleman,* district attorney of La Crosse county, and oral argument by *Mr. Resh.*

FRITZ, C. J.   The basic issue in the above-stated proceedings for the taking of some part of plaintiffs' farm for highway purposes has been the amount of their damages. The opinions of the expert witnesses as to the amount of said damages varied from $6,000 to $13,000. The circuit court jury found that $29,000 was the fair market value of plaintiffs' farm immediately before taking a part thereof for highway purposes on April 6, 1948; and that $22,500 was the fair market value after the taking; which resulted in damages of $6,500, for which judgment was entered.

On their appeal plaintiffs contend: (1) There was no credible evidence to sustain the jury's verdict; (2) that in a condemnation case the court may not charge the jury to offset benefits when no evidence of benefits was adduced; (3) that the benefits to be offset are limited to special benefits peculiar to the owner and not enjoyed in common by the community; (4) and that there should be a discretionary reversal and new trial ordered in the interests of justice.

Upon our review of the evidence it is our conclusion that there was evidence which the jury could consider credible and sufficient to sustain its findings, although there were conflicts in the evidence in many respects. Thus there were issues as to the value of the farm and the amount of the damages thereto by taking part thereof for the new highway; and whether a cattle pass or passes should be constructed as provided in sec. 84.06 (9), Stats., and the cost thereof, although the plaintiff Townsend himself testified that such underpass would not be necessary and he did not want such pass. Likewise there were issues as to whether there were general benefits and also special benefits to plaintiffs by reason of the new highway. There was testimony that the pasture on the farm was previously separated from the building site by a knoll or hill that obstructed the vision directly north of the side road by which the cattle are brought to pasture, and that the new highway had removed this knoll and greatly improved the vision so that it is possible to see at least a mile to the south and a half mile to the north; and that there were other special benefits such as getting back a parcel of land formerly occupied by the old road; and whether there were general benefits and an increase in the value of the farm by reason of its bordering on an improved trunk highway. Plaintiffs contend that in its instructions the court erred in permitting the jury to *offset benefits* against plaintiffs' damages for the taking of some of their land. On that particular

subject the court in the course of its instructions to the jury said:

". . . to determine the amount of damages suffered by R. C. Townsend and his wife, after you have also *considered the benefits, if any,* you find that will inure to the plaintiffs, by reason of the location of the highway. . . . if" the plaintiffs "are being affected in their property rights peculiarly and differently than other citizens of the state of Wisconsin, you should, by your vote, see to it that the plaintiffs are not made poorer after the taking of their property for public purposes. . . . In fixing these damages, . . . you will consider . . . *any benefits that may accrue to the owners* of this land by having the farm bordering on a trunk highway, by placing the highway adjacent to the farm so the produce of the farm may be more economically and more easily brought to market, and any benefit that you find might accrue to the plaintiffs must be considered and may properly be considered and deducted from the damages that you find have been sustained by the owners of the property."

Plaintiffs contend there was reversible error in this instruction because there was no evidence of benefits, and the instruction was too broad in its definition of benefits, because it did not limit the deductible benefits to special benefits accruing to the plaintiffs, instead of including all general benefits accruing to the community, such as the ease of moving produce of the farm to market. The instruction as to special benefits was clearly applicable in so far as there was evidence as to special benefits in the respects stated above. But plaintiffs contend that the court erred in instructing that the value of such general benefits as accrue to the community in common can also be offset against the damages sustained by plaintiffs. In support of plaintiffs' contention they rely upon the statement in *Schildknecht v. Milwaukee,* 245 Wis. 33, 37, 13 N. W. (2d) 577, that,—

"Generally in condemnation proceedings the amount of recovery is the difference between the value of the property before and after taking. [Citation.] This consists of the

value of the property taken, severance damage to the remaining property, and any benefits which are peculiar to the owner and not enjoyed in common by the community."

In thus limiting in this last clause the benefits to such as are "not enjoyed in common by the community," the statement is erroneous in so far as it is contrary to the conclusions stated in *Nowaczyk v. Marathon County,* 205 Wis. 536, 538, 238 N. W. 383. In that case we stated:

"The appellants assign as error that the court: (1) Admitted testimony that the highway benefited the farm. . . . (1) The particular complaint under this heading is that in receiving testimony that the farm was benefited by the relocation and improvement of the highway the court should not have admitted testimony relating to such benefits as inured to the general public but should have admitted only such as related to special benefits. The testimony objected to is that plaintiffs' distance to market was reduced and their road thereto bettered by change of route and improvement of the road.

"The proceedings are subject to the general provisions of ch. 32 of the statutes governing acquisition of land by the exercise of the right of eminent domain. Sec. 32.10 (1), Stats., provides that in exercising eminent domain, 'except in the case of streets or highways,' no deduction shall be made because of any benefit which the parties may derive from the improvement other than 'special benefits.' In case of streets or highways, paragraph (2) of said section provides that both damages and benefits shall be assessed or allowed and the excess of one over the other shall be stated. *The kind of benefits is not limited to special benefits.* It would seem that the *benefits referred to in case of* streets and *highways must be something more than mere 'special benefits'* else there would be no occasion for the exception in paragraph (1). *If so, they must include such benefits as accrue to the general public as well as the benefits resulting specially to the land taken.* Appellants cite *American States S. Co. v. Milwaukee N. R. Co.* 139 Wis. 199, 120 N. W. 844, and *Smith v. Milwaukee E. R. & L. Co.* 201 Wis. 325, 230 N. W. 44, to the point that only special benefits may be considered. But these

cases do not fall within the exception of paragraph (1). The same may be said of *Riddle v. Lodi Tel. Co.* 175 Wis. 360, 185 N. W. 182, and the cases therein cited. None of these cases involved the taking of land for highway purposes. It is fundamental that in condemnation cases the damages are the difference between the values of the tract as a whole before and after the taking. *Riddle v. Lodi Tel. Co., supra; Muscoda Bridge Co. v. Grant County,* 200 Wis. 185, 227 N. W. 863; *Smith v. Milwaukee E. R. & L. Co., supra.* The items of nearness to market and the nature of the road to market are elements of considerable importance in fixing the value of farms. The witnesses might properly consider the benefit that accrued to the plaintiffs in these respects in arriving at their opinion of the plaintiffs' damage, although the general public received like benefit."

The matters thus stated were directly involved and controlling in the *Nowaczyk Case, supra,* and they are likewise controlling in the case at bar. But in the *Schildknecht Case, supra,* the construction and effect of sec. 83.07 and sec. 32.10 (1) of ch. 32, Stats., were not involved in the court's ultimate conclusion that the exclusive remedy of the plaintiffs in that case was by appeal, and that the time for appeal having expired the court had no jurisdiction. The action was not a condemnation case. It was an action brought by property owners to have special assessments assessed against the property declared null and void, and the *obiter dicta* statements therein in respect to such benefits were not involved in that case; and there was no occasion or intent to overrule the *Nowaczyk Case* in relation to either such general or special benefits as are involved in the case at bar.

Plaintiffs claim that the court's instructions as to possible benefits to plaintiffs invited the jury to speculate as to benefits based upon the view the jurors had of the premises, and that such a use of a view would be error. The purpose of a view is to enable the jurors to better understand the evidence, and for that purpose the view which the jurors had in this case was permissible. *Washburn v. Milwaukee & Lake Win-*

*nebago R. R. Co.* 59 Wis. 364, 369, 18 N. W. 328; *American States S. Co. v. Milwaukee N. R. Co.* 139 Wis. 199, 205, 120 N. W. 844; *Solberg v. Robbins Lumber Co.* 147 Wis. 259, 133 N. W. 28; *Simpson v. Waukesha County,* 185 Wis. 662, 202 N. W. 366.

It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.